CASE 47—ACTION BY THE COMMONWEALTH AGAINST BEN BRAMLAGE ON HIS BOND AS TRUSTEE OF THE JURY FUND.—MAY 15.

# Bramlage, &c. v. Commonwealth.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. AFFIRMED.

PUBLIC OFFICERS—COMPENSATION AS TRUSTEE OF THE JURY FUND.

Held:. Under Kentucky Statutes, section 2290, providing that the trustee of the jury fund shall receive as compensation three per cent. of all the money received by him, the trustee of the jury fund was not entitled to compensation for receiving money which did not go into his hands for the purpose of paying jurors, but which was paid to him by the sheriff, under order of court, merely as custodian pending a controversy as to who was entitled to the office of auditor of public accounts and the office of State treasurer; the statute requiring the money to be paid by the sheriff to the treasurer upon authority of the auditor.

W. S. PRYOR, FOR APPELLANT.

This was an agreed case in the court below. The only question presented is, whether the trustee of the jury fund is entitled to a commission on the money paid by him into the treasury.

The trustee in paying the money in his hands to the auditor, retained $300 as his commission, and the auditor claiming that he was not entitled to any commission, the agreed

Bramlage, &c. v. Commonwealth.

facts were presented to the court below, which adjudged that no commission could be charged and the trustee appeals.

The facts are, that the sheriff and county clerk of Kenton county both had money in their hands belonging to the State, and during the controversy as to who was entitled to the respective offices of auditor and treasurer, they applied to the circuit court of Kenton county to know to whom the money should be paid. The court replied by saying that his authority to determine the question might well be doubted, but he would advise each of these officers not to pay the money over, and entered an order directing the money to be paid over to the trustee of the jury fund which was done. The trustee from time to time paid out $7,200 of this money to jurors and for other legitimate purposes, leaving in his hands $12,000 to be paid over to the State. This he paid over, and in making a final settlement of his accounts as trustee retained $300 as his commission.

By section 2283 Kentucky Statutes, the circuit court has complete control over this official, and said court having ordered this money into his hands he was liable on his official bond for it in case it had been lost or not paid into the treasury, and by section 2290, the trustee is allowed three per cent. on all money received by him and there is no escape from the conclusion that he is entitled to the commission claimed.

CLEM J. WHITTEMORE, FOR COMMONWEALTH.

Our contention is that the circuit judge of Kenton county had no jurisdiction over this money, consequently it was wrongfully and illegally paid into the hands of the trustee of the jury fund.

This money was in the hands of the sheriff and county clerk of Kenton county, the State's duly constituted officers and agents, and the law is mandatory requiring them to pay it to the auditor and treasurer of the State, therefore, it was not subject to the order of the court. It is not claimed that this money was needed to pay jurors. The law provides that the clerk shall receive five per cent. for handling this money, but never contemplated that the trustee of the jury fund should have an additional three per cent., because the clerk and sheriff had doubts as to the termination of a lawsuit with which they had nothing to do. The State can not afford to pay toll twice. We contend that as this money was wrongfully ordered into the hands of the trustee, and that it was no part of his official duty to receive it, his sureties on his bond would not have been liable for it, if lost or squandered.

### AUTHORITIES CITED.

Kentucky Statutes, secs. 4242, 2284, 2290; Com. v. Hampton, &c., 12 R., 357; Warfield v. Brandy's Admr., 8 Bush, 93 Grimes v. Com. for Clay, 4 Littell, 5; Neeley, &c. v. Merritt, &c., 9 Bush. 354; Clay & Gregg v. Hart, 7 Dana, 10.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

The appellant Ben Bramlage is trustee of the jury fund of Kenton county. This appeal involves the question as to his right to have three per cent. commission on certain money which went into his hands under the order of the Kenton circuit court. The admitted facts are that in March, 1900, the sheriff had in his hands, due the Commonwealth of Kentucky, growing out of the collection of the State revenue, a large sum of money. There was a controversy existing as to who was the auditor of public accounts, and as to who was the State treasurer. The sheriff was in doubt as to what disposition he should make of the funds. He consulted the judge of the Kenton circuit court as to what he should do. The judge was not clear as to his jurisdiction in the matter, but was of the opinion that the sheriff should not pay to either of those claiming to be the State officers mentioned until a court of competent jurisdiction should determine the question. Therefore he ordered the sheriff to place it in the hands of the trustee of the jury fund. It was not ordered to be so paid, because it was necessary to enable the trustee of the jury fund to meet the legal demands upon him. It was simply ordered into his hands, to be kept until it should be determined to whom it should be paid. Subsequently the appellant paid it to the auditor of public accounts. The condition under which the circuit court has jurisdiction to order the collector of the State revenue to pay certain parts thereof to the trustee of the jury fund is described in section 2281 of the Ken-

tucky Statutes, which reads as follows: "If the money, other than fines and forfeitures, in the hands of the trustee, when supplemented by such sums in the hands of the county and circuit clerks as the court may legally direct them to pay over to said trustee a sum sufficient out of the revenue collected by him, the receipt or an attested copy of the order shall entitle said revenue collector to a credit in his settlement with the auditor. . . ." Section 2290, Id., provides that the trustee of the jury fund shall receive as compensation three per cent. of all the money received by him. The sheriff of Kenton county was perplexed as to what he should do with the money in his hands, and therefore appealed to the circuit judge for advise as to what he should do. The judge, desiring to see the sheriff and his sureties protected, and at the same time save the State the revenue in the sheriff's hands, ordered it in the hands of the trustee of the jury fund, who was to hold it subject to the order of the court. The law had not provided to whom the sheriff might pay the revenue in his hands pending a controversy over the offices of auditor and treasurer. Unless the condition arose rendering it necessary for the circuit court to order a part of it paid to the trustee of the jury fund, it was the duty of the sheriff to pay it to the State treasurer. The sheriff and appellant knew that it was not placed in the hands of the trustee of the jury fund for the purpose of paying jurors. He was made custodian simply for the preservation of the fund. The compensation provided for the trustee of the jury fund is for receiving money which properly goes into his hands to defray the expenses which the law required him to pay. It was never intended that he should receive any of the State revenue from the collector, except that which was needed to pay jurors.

While exigencies of an embarrassing situation made him the custodian of the fund in question, still the statute does not provide compensation for the risk and trouble assumed. In our opinion, the appellant is not entitled to the commission claimed.

The judgment is affirmed.